```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/08
```

# COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
### ATTORNEYS AT LAW

FREDERICK P. BIMBLER
TOBY M. J. BUTTERFIELD
AL J. DANIEL, JR.†
TIMOTHY J. DEBAETS
ROBERT I. FREEDMAN
ELLIS B. LEVINE
MITCHELL E. RADIN
ROBERT L. SEIGEL
J. STEPHEN SHEPPARD
RALPH J. SUTTON*
KENNETH N. SWEZEY
DAVID BRUCE WOLF
NANCY E. WOLFF
───
ZEHRA J. ABDI
LISA K. DIGERNES
MATTHEW A. KAPLAN◊
M. KILBURG REEDY
MASON A. WEISZ

PHILIP M. COWAN (1943-2001)
HOWARD ABRAHAMS (1945-1996)

January 8, 2008

OF COUNSEL:
ANNE C. BAKER
JUDITH A. BRESLER
JERROLD B. GOLD
ALBERT GOTTESMAN
ROGER E. KASS
MICHAEL D. REMER
ROBERT F. VAN LIEROP

CORRESPONDENT FIRM:
DONALDSON & HART
9220 SUNSET BLVD. STE. 224
LOS ANGELES, CA 90069
(310) 273-8394

*Also Admitted in CA & DC
◊Also Admitted in NJ
†Also Admitted in AR & DC

```
RECEIVED
CHAMBERS OF
JAN - 8 2008
```

**VIA FACSIMILE (212) 805-7920 & U.S. MAIL**
Honorable Shira A. Scheindlin, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

Re: **Malibu Textiles, Inc. v. Carol Anderson, Inc. et al.**
**Docket No. 07 Civ. 4780 (SAS)**

Dear Judge Scheindlin:

We represent Plaintiff Malibu Textiles, Inc. ("Malibu") in the above-captioned matter. Pursuant to Your Honor's Individual Rules, we submit this letter to request a pre-motion conference on Tuesday, January 22, 2008 (or the Court's first available date thereafter) to discuss Malibu's desire to bring a motion for partial summary judgment as to liability for copyright infringement.

As Your Honor may recall, this is a copyright infringement action in which Malibu asserts that defendants Carol Anderson, Inc. and CABI, LLC (collectively, "CABI") infringed upon three of Malibu's copyrighted lace patterns by manufacturing garments with lace that is identical or virtually identical to Malibu's copyrighted lace patterns. As early as October 2003, Malibu and CABI were engaged in a business relationship in which Malibu sold various styles of lace fabrics to CABI for use in manufacturing women's clothing. Between October 2003 and approximately January 2006, CABI purchased hundreds of thousands of dollars of lace fabric, including the lace patterns at issue herein. CABI has since ended its business relationship with Malibu and sought other lace suppliers to provide lace for its garments. However, instead of finding new lace designs to incorporate into its clothing line, CABI sought out, purchased and used knock-off lace from foreign suppliers that infringes upon Malibu's copyrighted lace patterns. By selling women's garments featuring Malibu's copyrighted lace patterns without Malibu's consent or authorization, CABI is liable for copyright infringement.

*A premotion conference will be held on January 22 at 11:30 AM. So Ordered.*

41 MADISON AVENUE - 34TH FLOOR, NEW YORK, NEW YORK 10010
TEL: (212) 974-7474    FAX: (212) 974-8474    WEB: www.cdas.com    E-MAIL: cdas@cdas.com

{A061135.DOC\1}

*[signature] USDJ 1/8/08*

GOWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

Honorable Shira A. Scheindlin, U.S.D.J.
January 8, 2008
Page 2

To establish a *prima facie* case of copyright infringement, plaintiff must prove ownership of a valid copyright and unauthorized copying. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

A certificate of registration from the United States Register of Copyrights constitutes *prima facie* evidence of ownership of a copyright. 17 U.S.C. § 410(c); *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999), *cert. denied*, 528 U.S. 1160 (2000); *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1092 (2d Cir. 1977). Moreover, registrations obtained within five years of the date of first publication constitute *prima facie* evidence of the validity of the copyright, including proof of the originality of the work. 17 U.S.C. § 410(c); *Stratchborneo v. Arc Music Corp.*, 357 F. Supp. 1393, 1399 n.6 (S.D.N.Y. 1973) ("Certificates of Registration in the Copyright Office are *prima facie* proof of originality.")

To establish unauthorized copying, the copyright owner must demonstrate: "'(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's.'" *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 110 (2d Cir. 2001) (quoting *Hamil Am., Inc.*, 193 F.3d at 99). Actual copying can be demonstrated either by direct evidence of copying or by circumstantial evidence, such as evidence that the alleged infringer had access to the protected work and "that there are similarities between the two works that are probative of copying." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (quotations omitted). The standard test for substantial similarity is whether an "'ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same.'" *Hamil Am., Inc.*, 193 F.3d at 100 (quoting *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960)). The designs need not be identical, nor does "[t]he copying need ... be of every detail so long as the copy is substantially similar to the copyrighted work." *Novelty Textile Mills, Inc.*, 558 F.2d at 1093 (citation omitted)

First, Malibu can establish ownership of the three lace patterns through the copyright registrations attached to the First Amended Complaint. Moreover, as each registration was made within five years of each work's first publication, it is presumed that the registrations are valid and the works are original.[1]

Second, Malibu can establish illegal copying. CABI does not, and cannot, dispute that it had access to Malibu's lace patterns, because Malibu not only showed copies of each copyrighted lace pattern at issue to CABI's sales representatives, but actually sold samples of

---

[1] Malibu expects CABI to assert that Malibu's lace patterns are not original as they incorporate elements typically seen in lace designs. However, originality "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist Publ'ns, Inc.*, 499 U.S. at 345; *accord Axelrod & Cherveny Architects, P.C. v. Winmar Homes*, 2007 WL 708798, at *9 (E.D.N.Y. Mar. 6, 2007) ("because the degree of creativity required is so low, the originality requirement amounts to 'little more than a prohibition of actual copying.'") (quoting *Alfred Bell & Co. v. Catalda Fine Arts, Inc.*, 191 F.2d 99, 103 (2d Cir. 1951)).

{A061135.DOC\1}

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

Honorable Shira A. Scheindlin, U.S.D.J.
January 8, 2008
Page 3

those lace patterns to CABI.[2] In fact, Malibu sold over 14,000 yards of one of the lace patterns to CABI for use in manufacturing women's garments.

Next, to find substantial similarity, all the Court need do is examine the lace patterns and the garments side by side to see that the lace patterns used in CABI's infringing garments are virtually identical to, if not slavish reproductions of, Malibu's copyrighted lace patterns. *See e.g., Axelrod & Cherveny Architects, P.C.*, 2007 WL 708798, at * 13 (finding two architectural designs to be virtually identical, explaining: "This case presents the rare instance where a court can determine, based upon the parties' submissions alone, that two works are substantially similar as a matter of law.") (citations omitted)).

Under these circumstances, this case is ripe for summary judgment as to liability. Moreover, given the fact that the parties are at the stage of discovery where they are scheduling numerous depositions to take place in California, Florida and New York, it would be a waste of resources to incur those expenses when access is not disputed and liability is clear. Therefore, Malibu seeks leave to file a motion for partial summary judgment as to liability.

Respectfully submitted,

*Nancy Wolff*
Nancy E. Wolff

NEW/mak

cc:   Harlan M. Lazarus, Esq.(via facsimile (212) 684-0314)
      Nancy E. Wolff, Esq.

---

[2] Indeed, in their Answer and Affirmative Defenses of Defendants Carol Anderson, Inc. and CABI, LLC, to Plaintiff's First Amended Complaint, defendants do not deny they purchased the lace patterns at issue from Malibu; instead, they merely state: "Defendants plead to each and every allegation set forth in the paragraph of the Complaint marked and numbered [24, 32] by referring to the books, records, and documents evidencing the sales subject of said paragraph for the content and substance thereof." Answer to First Amended Complaint, ¶¶ 24, 32.

{A061135.DOC\1}