COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MALIBU TEXTILES, INC., :
: Docket No. 07-cv-4780 (SAS)
Plaintiff, :
:
v. : SECOND AMENDED COMPLAINT
: AND JURY DEMAND
CAROL ANDERSON, INC. and :
CABI, LLC, :
:
Defendants. :

---

Plaintiff Malibu Textiles, Inc. ("Malibu"), by its attorneys Cowan, DeBaets, Abrahams, & Sheppard, LLP, as and for its Second Amended Complaint against defendants Carol Anderson, Inc. ("CAI") and CABI, LLC ("CABI") (collectively, "Defendants"), alleges as follows:

## INTRODUCTION

1. This is an action for copyright infringement arising out of Defendants' willful infringement of copyrighted lace designs owned and registered by Malibu.

2. As described below, Malibu and Defendants used to be in a business relationship in which Defendants purchased lace fabric from Malibu, including the copyrighted lace patterns at issue in this case. After the business relationship between Malibu and Defendants ended, Defendants continued to *inter alia* advertise, offer to sell, sell and distribute garments incorporating Malibu's copyrighted lace designs without Malibu's consent. Malibu has learned that Defendants are offering no less than five garments for sale that incorporate Malibu's copyrighted lace designs or contain lace designs that are virtually identical copies of Malibu's copyrighted lace designs.

1

{A061470.DOC\1}

3. Accordingly, Malibu seeks injunctive and monetary relief for copyright infringement under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 501(b) and 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants pursuant to New York CPLR § 302 *et seq.* in that Defendants, upon information and belief, were and are doing business in the State of New York and in this District.

6. Venue is proper within this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## PARTIES

7. Malibu is a corporation duly organized and existing under the laws of the State of New York with its principal place of business at 49 West 37th Street, New York, New York 10018.

8. Upon information and belief, CAI is a corporation duly organized and existing under the laws of the state of Washington and registered in the State of California with its principal place of business at 18915 Laurel Park Road, Rancho Dominguez, California 90220.

9. Upon information and belief, CABI is a limited liability company duly organized and existing under the laws of the state of California with its principal place of business at 18915 Laurel Park Road, Rancho Dominguez, California 90220.

10. Upon information and belief, Defendants operate a direct sales company offering custom-designed women's apparel. Upon information and belief, Defendants offer women's apparel via the Internet via through its website http://www.cabionline.com/ and

through sales representatives employed by Defendants, known as "Independent Sales Consultants," who are located throughout the United States including within the State of New York and this District.

11. Upon information and belief, women's apparel sold by Defendants, including apparel that infringes upon Malibu's copyrighted lace designs, has come into the stream of commerce within the State of New York and specifically within this District.

12. Upon information and belief, Defendants transact business within this District, derive substantial revenue from intrastate and interstate commerce, and have committed tortious acts within and outside of this District having injurious consequences to Malibu.

## FACTS

13. Malibu is, and has been, prominent in the design and sale of knit fabrics for over 25 years and has earned a reputation in the trade for its original and distinctive fabric and lace designs.

14. Malibu's fabric and lace designs have been and are being sold by Malibu throughout the United States and within this District.

### I. MALIBU'S COPYRIGHTED DESIGNS

#### A. The First Design

15. Malibu owns the copyright in an original lace design pattern, created in 1998, known as Pattern No. 1717. A photocopy of the Pattern No. 1717 is attached hereto as Exhibit A.

16. Malibu registered Pattern No. 1717 with the United States Copyright Office under Registration No. VA 923-008, effective October 20, 1998. A copy of the registration certificate for Pattern No. 1717 is attached hereto as Exhibit B.

17. Over time, Malibu made minor modifications to the construction of Pattern No. 1717, namely to fill in a small portion of the center of a floral element. Depending on the yarn used to manufacture the lace fabric, the modified patterns became known by Malibu as Pattern No. 1967 or Pattern No. 2120. (collectively, the Pattern Nos. 1717, 1967 and 2120 are referred to as the "First Design.")

18. Malibu owns the copyright in Pattern No. 1967, which was created in or around July 2000 and derived from Pattern No. 1717. A photocopy of Pattern No. 1967 is attached hereto as Exhibit C.

19. Malibu registered Pattern No. 1967 with the United States Copyright Office under Registration No. VA 1-159-155, effective August 26, 2002. A copy of the registration certificate for Pattern No. 1967 is attached hereto as Exhibit D.

**B.    The Second Design**

20. Malibu also owns the copyright in an original lace design pattern, created in or around November 2002, known as Pattern No. 2351. Over time, Malibu made minor modifications in the construction of Pattern No. 2351, namely to change the yarn used to manufacture the lace. This modified pattern became known by Malibu as Pattern No. 2479 (collectively, Pattern Nos. 2351 and 2479 are referred to as the "Second Design.") A photocopy of the Second Design is attached hereto as Exhibit E.

21. Malibu registered the Second Design with the United States Copyright Office under Registration No. VA 1-373-475, effective August 31, 2006. A copy of the registration certificate for the Second Design is attached hereto as Exhibit F.

### C.  The Third Design

22.  Malibu also owns the copyright in an original lace design pattern, created in or around February 1992, known as Pattern No. 1307.  A photocopy of the Pattern No. 1307 is attached hereto as Exhibit G.

23.  Malibu registered Pattern No. 1307 with the United States Copyright Office under Registration No. VA 640-234, effective November 25, 1994.  A copy of the registration certificate for Pattern No. 1307 is attached hereto as Exhibit H.

24.  Over time, Malibu modified the construction of Pattern No. 1307 slightly to remove "clips" (*i.e.*, threads that run in straight lines between floral motifs left during the mechanical creation of the lace fabric and which previously had to be cut by hand) from the lace design.

25.  In or around Spring 2003, the construction of Pattern No. 1307 was further modified to change the gauge of the pattern (*i.e.*, the number of rows per inch.)  This pattern became known as Malibu's Pattern No. 2433.  (collectively, Pattern Nos. 1307 and 2433 are referred to as the "Third Design.")

26.  Malibu owns the copyright in Pattern No. 2433, which is derived from Pattern No. 1307.  A photocopy of the Pattern No. 2433 is attached hereto as Exhibit I.

27.  Malibu registered Pattern No. 2433 with the United States Copyright Office under Registration No. VA 1-373-476, effective August 31, 2006.  A copy of the registration certificate for Pattern No. 2433 is attached hereto as Exhibit J.

## II.   DEFENDANTS' ACCESS TO MALIBU'S COPYRIGHTED DESIGNS.

28.   Since approximately October 2003, Malibu and Defendants have been engaged in a business relationship in which Malibu sold various styles of lace fabric to Defendants for use in manufacturing women's clothing.

29.   In or around February 2005, Defendants' representatives and/or agents met with Malibu's representative to sample Malibu's fabric and lace designs under the auspices of negotiating a contract to purchase lace fabric to incorporate into their clothing line. Among the textile and lace patterns shown to Defendants' representatives and/or agents were the First, Second and Third Designs (hereinafter, the First, Second and Third Designs will be collectively referred to as "Malibu's Copyrighted Lace Designs").

30.   Again, in July and August 2006, Defendants' representatives and/or agents met with Malibu's representative to sample lace designs under the auspices of negotiating a contract to purchase lace fabric to incorporate into Defendants' clothing line. Among the textile and lace patterns shown to Defendants' representatives and/or agents were Malibu's Copyrighted Lace Designs.

31.   Throughout their business relationship, Defendants purchased Malibu's Copyrighted Lace Designs. From February 2004 through January 2006, Defendants purchased over 14,000 yards of Second Design lace fabric from Malibu. Similarly, in February 2005, Defendants purchased a sample of three (3) yards of First Design lace fabric from Malibu.

### III. DEFENDANTS' INFRINGE UPON MALIBU'S RIGHTS IN THE FIRST AND SECOND INFRINGED DESIGNS.

32. Upon information and belief, Defendants continued to manufacture, import, distribute, promote, advertise, offer for sale, sold, and/or cause to be manufactured, imported, distributed, promoted, advertised, offered for sale, and/or sold in this District and elsewhere in the United States, garments incorporating lace patterns which infringe Malibu's Copyrighted Lace Designs after the business relationship between Malibu and CABI ended.

33. Malibu never gave Defendants consent or authorization to use or copy Malibu's Copyrighted Lace Designs beyond the use of the lace fabric sold by Malibu to Defendants.

34. Specifically, in or around January 2007, Defendants were offering for sale a Lace Top, style number 427, which infringes upon the Second Design. A photocopy of the infringing garment purchased from Defendants is attached hereto as Exhibit K.

35. Further, in or around June 2007, Defendants were offering three garments on Defendant's website (http://www.cabionline.com) that infringe upon Malibu's copyrighted First Design:

   a. Lace Tunic, style number 488. Screenshots from Defendants' website, http://www.cabionline.com, (captured in or around June 2007) showing the infringing garment are attached hereto as Exhibit L.

   b. Lace Top, style number 490. Screenshots from Defendants' website, http://www.cabionline.com, (captured in or around June 2007) showing the infringing garment are attached hereto as Exhibit M.

   c. Lace Tank, style number 601. Screenshots from Defendants' website, http://www.cabionline.com, (captured in or around June 2007) showing

the infringing garment are attached hereto as Exhibit N. (each of the foregoing garments including the Lace Top, style number 427, will collectively be referred to as the "Infringing Garments").

36. On January 29, 2007, counsel for Malibu sent CAI a cease and desist letter demanding *inter alia* that CAI immediately cease and desist from further selling, offering for sale, advertising, promoting, distributing Infringing Garments or making any other use of the Second Design. Upon learning that Defendants were selling other products that infringed upon Malibu's Copyrighted Lace Designs, counsel for Malibu sent CAI another cease and desist letter on March 29, 2007 again demanding *inter alia* that CAI immediately cease and desist from further selling, offering for sale, advertising, promoting, distributing Infringing Garments or making any other use of Malibu's Copyrighted Lace Designs.

37. To date, Defendants have not complied with the cease and desist letters and, upon information and belief, continue to offer Infringing Garments for sale.

38. Further, upon information and belief, Defendants have sold Infringing Garments after the institution of this lawsuit.

### IV. DEFENDANTS' INFRINGED UPON THE THIRD DESIGN AFTER THIS LAWSUIT WAS FILED.

39. Moreover, after the instant action was filed, Malibu learned of yet another Infringing Garment offered by Defendants that infringes upon a different Malibu copyrighted lace pattern.

40. In February and August 2005, CABI purchased a sample of thirteen (13) yards of Malibu's Third Design lace fabric.

41. In or around September 2007, Malibu learned that Defendants were offering as part of the Fall 2007 clothing line advertised on Defendants' website, the La Belle

{A061470.DOC\1}

Dress, Style No. 714, which infringes upon Malibu's copyrighted Third Design. A screenshot from Defendants' website showing the infringing garment (captured in or around September 2007), and a photocopy of the infringing garment purchased from Defendants are attached hereto as Exhibit O.

42. Upon information and belief, Defendants are continuing to offer for sale, and are selling, the La Belle Dress.

## COUNT ONE
### (Copyright Infringement)

43. Malibu incorporates by reference each and every allegation contained in paragraphs 1 through 42 above.

44. Defendants' acts described above constitute infringement of Malibu's registered copyrights and exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501.

45. Each of Malibu's copyright registrations in the First, Second and Third Designs were registered within five (5) years of the date of first publication of the work described in such registrations and thus, constitutes *prima facie* evidence of Malibu's ownership rights in the Malibu's Copyrighted Lace Designs.

46. Upon information and belief, Defendants, having full knowledge of Malibu's rights as alleged herein, infringed Malibu's Copyrighted Lace Designs by manufacturing, importing, distributing, offering for sale, selling, promoting and/or advertising without Malibu's consent, Infringing Garments incorporating Malibu's Copyrighted Lace Designs or lace designs virtually identical to Malibu's Copyrighted Lace Designs.

47.     Malibu is entitled to recover damages, which include its actual losses and any and all profits Defendants have made as a result of their infringing conduct. 17 U.S.C. § 504.

48.     Alternatively, Plaintiffs are entitled to statutory damages under 17 U.S.C. § 504(c). Moreover, as the foregoing acts of infringement by Defendants have been willful, intentional, purposeful, and in disregard of and with indifference to the rights of Malibu, an award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

49.     Malibu further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

50.     Moreover, Defendants' conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Malibu irreparable injury that cannot be fully compensated by, or measured in, money damages. Malibu has no adequate remedy at law. Accordingly, pursuant to 17 U.S.C. § 502, Malibu is entitled to a preliminary and permanent injunction prohibiting further infringement of Malibu's copyrights and exclusive rights under copyright.

WHEREFORE, Malibu prays that this Court:

A.      Preliminarily and permanently enjoin Defendants, their officers, directors, principals, representatives, agents, servants, employees, successors and assigns, and all persons acting in concert or participation with each or any of them, or for them, from:

    (a)    copying, or making any unauthorized use of Malibu's Copyrighted Lace Designs, in any form;

    (b)    importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any promotional

material bearing any simulation, reproduction, counterfeit, or copy of Malibu's Copyrighted Lace Designs, or by causing and/or participating in such importation, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any such items;

B. Direct Defendants to deliver for destruction all products in their possession, custody and control that infringe upon Malibu's Copyrighted Lace Designs;

C. Award damages to Malibu in the amount of either all of Malibu's actual damages and Defendants' profits, gains or advantages of any kind resulting from Defendants' copyright infringement; or statutory damages of up to $150,000 per infringing work as a consequence of Defendants' willful infringement of Malibu's copyrights in Malibu's Copyrighted Lace Designs;

D. Award Malibu the costs of this action together with reasonable attorneys' fees.

E. Award Malibu prejudgment interest on the amount of the award to Malibu, and;

F. Award Malibu such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Malibu hereby demands trial by jury as to all claims in this litigation.

Dated: New York, New York
March 25, 2008

> Respectfully Submitted,
>
> COWAN, DEBAETS, ABRAHAMS, & SHEPPARD, LLP
>
> By: /Nancy E Wolff/
> Nancy E. Wolff
> Matthew A. Kaplan
> 41 Madison Avenue, 34th Floor
> New York, New York 10010
> (212) 974-7474
>
> Attorneys for Plaintiff Malibu Textiles, Inc.