UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALIBU TEXTILES, INC., | : |
| Plaintiff, | : Docket No. 07-cv-4780 (SAS) |
| v. | : |
| CAROL ANDERSON, INC. and CABI, LLC, | : |
| Defendants. | : |

### DECLARATION OF MITCHELL NAIDRICH

I, Mitchell Naidrich, declare as follows:

1. I am a co-owner and Vice President of Sales of Plaintiff Malibu Textiles, Inc. ("Malibu"). I make this declaration on the basis of my own knowledge, except where otherwise indicated.

**Malibu's History and How It Obtained Rights in Its Copyrighted Lace Designs**

2. For over 30 years, Malibu is, and has been, prominent in the design and sale of knit fabrics. Malibu is a lace converter, meaning that Malibu purchases undyed lace (also known as "griege goods") from a textile mill or a knitter, which Malibu then dyes and finishes to a buyer's specifications and sells at wholesale to garment manufacturers.

3. When Malibu seeks a new lace design to offer to its customers, it contacts one of its knitters and explains what features it is looking for in a new lace design. The knitter, who either has designers on staff or who contracts with independent designers, will obtain a number of potential designs for selection by Malibu.

4. As is industry practice, at the moment Malibu chooses a lace design to be knit, the knitter transfers to Malibu all rights and title in the design, including the right to apply

for a copyright registration in the design and to sue third parties for copyright infringement, in return for Malibu's agreement to use the knitter to knit the design.

5.  Here, Malibu acquired all rights, including copyright, in each of the three designs at issue in this case, and applied for and received United States copyright registrations in each design.

**Malibu's Copyrighted Lace Designs**

**The First Design**

6.  For the purposes of this motion, Malibu's lace Pattern No. 1717, Pattern No. 1967, and Pattern No. 2120 collectively will be referred to as the "First Design." True and correct copies of samples of each of Malibu's Copyrighted Lace Designs are attached hereto as Exhibit A.

**The Second Design**

7.  For the purposes of this motion, Malibu's lace Pattern No. 2351 and Pattern No. 2479 collectively will be referred to as the "Second Design." *See* Ex. A.

**The Third Design**

8.  For the purposes of this motion, Malibu's lace Pattern No. 1307 and Pattern No. 2433 collectively will be referred to as the "Third Design." *See* Ex. A. (Malibu's First Design, Second Design, and Third Designs collectively will be referred to as "Malibu's Copyrighted Lace Designs.")

**Defendants Purchased Lace Fabric From Malibu in Each of its Copyrighted Lace Designs**

9.  Since at least as early as October 2003, Malibu has been engaged in a business relationship with Defendants Carol Anderson, Inc. and CABI, LLC ("CABI") in which

Malibu sold various styles of lace fabric to CABI for use in manufacturing women's clothing, including the Copyrighted Lace Designs at issue in this case.

10. In February 2005 and July 2006, Defendants purchased samples totaling seventeen (17) yards of Malibu's First Design lace fabric. True and correct copies of examples of Malibu's invoices to CABI for each of Malibu's Copyrighted Designs are attached hereto as Exhibit B.

11. From February 2004 through July 2006, Defendants purchased over 14,000 yards of Malibu's Second Design lace fabric. *See e.g.*, Ex. B.

12. Further, in February and August 2005, CABI purchased samples totaling thirteen (13) yards of Malibu's Third Design lace fabric. *See e.g.*, Ex. B.

13. Moreover, CABI's representatives met with Malibu representatives from time to time to view and purchase samples of Malibu's lace fabric. Such meetings took place in or around February 2005, July 2006 and August 2006. Among the textile and lace patterns shown to CABI's representatives during those meetings were the First, Second and Third Designs.

**Malibu Learns of CABI's Infringement and Confronts CABI's Owner**

14. In or around early to mid-January 2007, Malibu learned that CABI was offering for sale a Lace Top, style number 427, which infringes upon the Second Design. I obtained a copy of the Lace Top so I could compare it to Malibu's Second Design. A side by side comparison clearly showed that the lace fabric used in CABI's Lace Top was an unauthorized copy of Malibu's Second Design. *Compare* Ex. A with Kaplan Decl., Ex. F.

15. Shortly after obtaining the garment, I went to CABI's offices to meet with Scott Farquhar, CABI's CEO, to discuss our discovery of the infringing garment and to attempt to work out an amicable resolution.

16. When I confronted him regarding what looked like a clear case of infringement by CABI, his response was that as long as CABI changed Malibu's pattern by 30 percent, CABI could not be found to infringe upon Malibu's copyrights. I responded that that was not the law. I also told him that Malibu would like to work something out with CABI, but if CABI is unwilling to resolve the matter, Malibu would be forced to file a lawsuit against it. Mr. Farquhar responded: "Do what you have to do."

17. I am advised that on January 29, 2007, Malibu's counsel sent CABI a cease and desist letter demanding that CABI immediately cease and desist from further selling, offering for sale, advertising, promoting, distributing infringing garments or making any other use of the Second Design.

18. Then, in or around March 2007, Malibu learned that Defendants were infringing upon another of Malibu's copyrighted lace designs, the First Design. I am advised that CABI offered three garments on their website: a Lace Tunic, style number 488; a Lace Top, style number 490; and a Lace Tank, style number 601.

19. Upon learning that Defendants were selling other garments that infringed upon Malibu's Copyrighted Lace Designs, I am advised that Malibu's counsel sent CABI another cease and desist letter on March 29, 2007 again demanding that CABI immediately cease and desist from further selling, offering for sale, advertising, promoting, distributing infringing garments or making any other use of Malibu's Copyrighted Lace Designs.

{A061844.DOC\1}

20.     Then, in or around September 2007 (after this lawsuit was filed), Malibu learned of <u>yet another infringing garment</u> offered by Defendants that infringes upon Malibu's copyrighted Third Pattern. Specifically, Malibu learned that Defendants offered as part of the Fall 2007 clothing line advertised on Defendants' website, the La Belle Dress, Style No. 714, which infringes upon Malibu's copyrighted Third Design. I obtained a copy of this garment as well.

21.     At no time has Malibu ever given CABI authorization, consent or a license to copy, use or change any of its Copyrighted Lace Designs.

**Defendants Continue to Sell the Infringing Garments**

22.     On April 16, 2008, I visited CABI's Factory Store in Los Angeles, California and discovered that CABI continues to sell garments that infringe upon Malibu's First Design. Specifically, I observed for sale garments with CABI style numbers 488, 490 and 601.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 17th day of April, 2008.

_____
MITCHELL NAIDRICH

{A061844.DOC\1}