# EXHIBIT "A"

## COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
### ATTORNEYS AT LAW

FREDERICK P. BIMBLER
TOBY M. J. BUTTERFIELD
AL J. DANIEL, JR.*
TIMOTHY J. DEBAETS
ROBERT I. FREEDMAN
ELLIS B. LEVINE
MITCHELL E. RADIN
ROBERT L. SEIGEL
J. STEPHEN SHEPPARD
RALPH J. SUTTON*
KENNETH N. SWEZEY
DAVID BRUCE WOLF
NANCY E. WOLFF

ZEHRA J. ABDI
LISA E. DIGERNES
MATTHEW A. KAPLAN²
M. KILBURG REEDY
MASON A. WEISZ

PHILIP M. COWAN (1943-2001)
HOWARD ABRAHAMS (1945-1996)

OF COUNSEL:
ANNE G. BAKER
JUDITH A. BRESLER
JERROLD B. GOLD
ALBERT GOTTESMAN
ROGER E. KASS
MICHAEL D. REMER
ROBERT F. VAN LIEROP

CORRESPONDENT FIRM:
DONALDSON & HART
9220 SUNSET BLVD. STE. 224
LOS ANGELES, CA 90069
(310) 273-8394

*ALSO ADMITTED IN CA & DC
²ALSO ADMITTED IN NJ
*ALSO ADMITTED IN AR & DC

January 18, 2008

**VIA FACSIMILE (212) 805-7920 AND FEDERAL EXPRESS**
Honorable Shira A. Scheindlin, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

Re:    **Malibu Textiles, Inc. v. Carol Anderson, Inc. et al.**
    **Docket No. 07 Civ. 4780 (SAS)**

Dear Judge Scheindlin:

We represent Plaintiff Malibu Textiles, Inc. ("Malibu") in the above-captioned matter. We are in receipt of Mr. Lazarus' January 11, 2008 letter asserting that the Court should reject Malibu's request to bring a motion for partial summary judgment as to liability for copyright infringement as premature. None of the issues presented by Mr. Lazarus constitutes a valid legal basis to deny Malibu's proposed motion, and are merely attempts to confuse the court with non-material issues.

First, defendants' bald denial of actual copying should not preclude Malibu's motion. Copying can be established by circumstantial evidence that defendants had access to the copyrighted and there are similarities probative of copying. The allegation that defendants found and obtained knock-off lace from foreign suppliers after they had already purchased Malibu's copyrighted lace patterns does not excuse their liability or justify the millions of dollars in revenues received by their infringement.

Second, the allegation that a purported expert has found a "lace item" that "appears" to be in the public domain should not preclude Malibu from making its motion. Initially, defendants concede that this lace item relates to only one of the three copyrighted lace patterns at issue. Even if defendants are correct (which we doubt), a potential finding of a genuine issue of fact as to one of the patterns is not proof that defendants have not infringed upon the other lace patterns. However, defendants still cannot dispute they had access to and copied Malibu's copyrighted lace patterns prior to finding this lace item.

41 MADISON AVENUE · 34TH FLOOR, NEW YORK, NEW YORK 10010
TEL: (212) 974-7474    FAX: (212) 974-8474    WEB: www.cdas.com    E-MAIL: cdas@cdas.com

{A061191.DOCU}

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

Honorable Shira A. Scheindlin, U.S.D.J.
January 18, 2008
Page 2

Third, Mr. Lazarus' assertion that Malibu's copyright registrations may be invalid because of alleged errors in those registrations is unsupported factually or legally. Malibu commissioned the lace patterns as a work for hire. Thus, there are no errors in the registrations. As in all work-for-hire agreements with non-employees, the agreement provides that in the event a court determines that the work does not fit under the Copyright Act's definition for work-for-hire, the transfer would be an assignment, assuring copyright ownership in the commissioning party. Thus, even if Mr. Lazarus is correct that Malibu "checked the wrong box," the issue is irrelevant because there is no dispute that Malibu is the intended owner of the copyrights at issue and courts in the Second Circuit generally do not dismiss cases based upon innocent errors on the registration application. *Arthur A. Kaplan Co. v. Panaria Int'l, Inc.*, 1998 WL 603225 (S.D.N.Y. Sept. 11, 1998), *aff'd*, 205 F.3d 1321 (2d Cir 2000). This is true even with errors in authorship or whether the work is a work-for-hire. *See Kaplan Co.*, 1998 WL 603225, at * 3 (citing cases)[1]

Finally, regarding counsel's inference that Malibu's counsel has acted improperly regarding scheduling third party depositions, we advised Mr. Lazarus weeks ago that this firm does not represent the third parties whom his clients seek to depose. Thus, while we told him would attempt to assist him, we have no control over those parties and we could not guarantee that we could get dates. However, we note that defendants' counsel recently scheduled one of the depositions for February 8, 2008 – a date we previously advised them in writing that Ms. Wolff is unavailable because she will be in California. As Malibu wants Ms. Wolff to attend the third party depositions, counsel's decision to schedule the conference on a date they knew she was unavailable prejudices Malibu.

In sum, nothing asserted by defendants' counsel should preclude Malibu from going forward with its motion for partial summary judgment. We look forward to the pre-motion conference on Tuesday, January 22, 2008.

Respectfully submitted,

Matthew A. Kaplan

cc:    Harlan M. Lazarus, Esq.(via facsimile (212) 684-0314)

---

[1]    Thus, counsel's reference to the October 22, 2007 agreement between Malibu and Metritek is a non-issue. That agreement provides that even if the lace design is not considered a work for hire, Metritek assigned and transferred all of its rights in the lace design to Malibu. *See Pem-America, Inc. v. Sunham Home Fashions, LLC*, 83 Fed. Appx. 369 (2d Cir. 2004) (affirming the finding that plaintiff made a *prima facie* showing of ownership where plaintiffs produced a contract with its designer that transferred all rights, including copyright, title and interest in the work to plaintiff). The fact that the agreement was executed after the litigation began does not invalidate Malibu's ownership rights. *Kaplan Co.*, 1998 WL 603225, at *2-3 (explaining, "a writing, even if signed after litigation commenced, can serve to satisfy the requirements of [17 U.S.C. § 204(a)]" and finding errors in identity of copyright claimant did not invalidate the copyright at issue)(citation omitted).

# COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

### 41 MADISON AVENUE, 34TH FLOOR, NEW YORK, NY 10010
#### PHONE: (212) 974-7474 • FAX: (212) 974-8474

THIS FACSIMILE TRANSMISSION AND THE INFORMATION CONTAINED THEREIN ARE CONFIDENTIAL. ITS CONTENTS ARE INTENDED SOLELY FOR THE RECIPIENT(S) INDICATED AND MAY BE LEGALLY PRIVILEGED. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE OR ANY OF ITS CONTENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE BY MAIL TO THE ABOVE ADDRESS.

## FACSIMILE TRANSMITTAL SHEET

| TO: | TOTAL NO. OF PAGES, INCLUDING COVER: |
|---|---|
| Honorable Shira A. Scheindlin, U.S.D.J. | 3 |
| **FAX NUMBER:** | **PHONE NUMBER:** |
| (212) 805-7920 | |
| **CC:** | **CC FAX NUMBER:** |
| Harlan M. Lazarus, Esq. | (212) 684-0314 |
| **FROM:** | **DATE:** |
| Matthew A. Kaplan, Esq. | 1/18/2008 |
| **RE:** | |
| Malibu Textiles, Inc. v. Carol Anderson, Inc. et al. | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

{A061158.DOC/1}