UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MALIBU TEXTILES, INC.,                                          Index No: 07 CV 4780 (SAS)

                Plaintiff,                      Judge Scheindlin

    -against-

CAROL ANDERSON, INC., and CABI, LLC,

                Defendants.
------------------------------------------------------------X

## DEFENDANTS', CAROL ANDERSON, INC. & CABI, LLC, STATEMENT PURSUANT TO LOCAL RULE 56.1

Defendants, Carol Anderson, Inc. and Cabi, LLC (the "Defendants") respectfully submit the following statement of undisputed facts pursuant to Local Rule 56.1 ("Rule 56.1 Statement"), and in opposition to Plaintiff, Malibu Textile, Inc.'s ("Plaintiff") Motion for Summary Judgment on copyright liability (the "Motion").

## PLAINTIFF'S COPYRIGHTS

1. Defendants deny Statement 1 and specifically deny the validity of the United States Copyright Registration No. VA 923-008. See paragraphs 1 through 49 of the Declaration of Harlan M. Lazarus, Esq. in Opposition to the Motion ("HML Dec.") and the exhibits referenced therein; HML Dec. Exhibit A through HML Dec. Exhibit J (see Index of the HML Dec. Exhibits attached to Defendants' Memorandum of Law in Opposition to the Motion), *except* Defendants admit that as of the date hereof Plaintiff is the record owner of the registration in question.

2. Defendants admit Statement 2, but deny the validity of the registration. See paragraphs 1 through 49 of HML Dec. and exhibits referenced therein; HML Dec. Exhibit A through HML Dec. Exhibit J.

3. Defendants deny Statement 3 and specifically deny the validity of the United States Copyright Registration No. VA 1-159-155. See paragraphs 1 through 49 of HML Dec. and exhibits referenced therein; HML Dec. Exhibit A through HML Dec. Exhibit J), *except* Defendants admit that as of the date hereof Plaintiff is the record owner of the registration in question.

4. Defendants admit Statement 4, but deny the validity of the registration. See paragraphs 1 through 49 of HML Dec. and exhibits referenced therein; HML Dec. Exhibit A through HML Dec. Exhibit J.

5. Defendants deny Statement 5 and specifically deny the validity of the United States Copyright Registration No. VA 1-373-475. See paragraphs 50 through 83 of HML Dec. and exhibits referenced therein; HML Dec. Exhibit K through HML Dec. Exhibit M), *except* Defendants admit that as of the date hereof Plaintiff is the record owner of the registration in question..

6. Defendants admit Statement 6, but deny the validity of the registration. See paragraphs 50 through 83 of HML Dec. and exhibits referenced therein; HML Dec. Exhibit K through HML Dec. Exhibit M.

7. Defendants deny Statement 7 and specifically deny the validity of the United States Copyright Registration No. VA 640-234. See paragraphs 50 through 83 of HML Dec. and exhibits referenced therein; HML Dec. Exhibit K through HML Dec. Exhibit M), *except* Defendants admit that as of the date hereof Plaintiff is the record owner of the registration in question.

8. Defendants admit Statement 8, but deny the validity of the registration. See paragraphs 50 through 83 of HML Dec. and exhibits referenced therein; HML Dec. Exhibit K through HML Dec. Exhibit M.

9. Defendants deny Statement 9 and specifically deny the validity of the United States Copyright Registration No. VA 1-373-476. See paragraphs 50 through 83 of HML Dec. and exhibits referenced therein; HML Dec. Exhibit K through HML Dec. Exhibit M), *except* Defendants admit that as of the date hereof Plaintiff is the record owner of the registration in question.

10. Defendants admit Statement 10, but deny the validity of the registration. See paragraphs 50 through 83 of HML Dec. and exhibits referenced therein; HML Dec. Exhibit K through HML Dec. Exhibit M.

11. Defendants admit Statement 11, but aver that Kaplan Decl., Ex. A does not establish Malibu Textile, Inc.'s ownership of the First Design. See paragraphs 33 through 36, and 46 through 49 of HML Dec. and exhibits referenced therein; HML Dec. Exhibits H, G, and J.

12. Defendants admit Statement 12, but aver that Ex. A to the Oswin Fischbach Declaration does not establish Malibu Textile, Inc.'s ownership of the First Design. See paragraphs 1 through 49 of HML Dec, in particular, without limitation paragraphs 18, 23, 24, 28 through 32, 37 through 46, 48 and 49, and exhibits referenced therein; HML Dec. Exhibit A through HML Dec. Exhibit J, specifically HML Dec. Exhibits G, H, I, and J.

13. Defendants admit Statement 13, but aver that Ex. A to the Jolanda Kramm Declaration does not establish Malibu Textile, Inc.'s ownership of the First Design. See paragraphs

    1 through 49 of HML Dec, in particular, without limitation paragraphs 6, 7, 9 through 20, 22 through 32, 35 through 37, 39 through 41, 43 through 45, 48 and 49 and exhibits referenced therein; HML Dec. Exhibit A through HML Dec. Exhibit J, specifically HML Dec. Exhibit B through D, and F through I.

14. Defendants admit Statement 14, but aver that Kaplan Decl., Ex. A does not establish Malibu Textile, Inc.'s ownership of the Second Design. See paragraphs 50 through 83 of HML Dec, in particular, without limitation paragraphs 59, 63, 65 through 68, 71, 72, 74 through 77, and 79 through 83 and exhibits referenced therein; HML Dec. Exhibit K through HML Dec. Exhibit M.

15. Defendants admit Statement 15, but aver that Kaplan Decl., Ex. B does not establish Malibu Textile, Inc.'s ownership of the Third Design. See paragraphs 50 through 83 of HML Dec, in particular, without limitation paragraphs 59, 63, 65 through 68, 71, 72, 74 through 77, and 79 through 83 and exhibits referenced therein; HML Dec. Exhibit K through HML Dec. Exhibit M.

## **DEFENDANT'S ACCESS**

16. Defendants admit Statement 16.

17. Defendants admit Statement 17.

18. Defendants admit Statement 18.

19. Defendants admit Statement 19.

20. Defendants admit Statement 20.

21. Defendants admit Statement 21.

22. Defendants admit Statement 22.

23. Defendants admit Statement 23.

24. Defendants admit Statement 24.

25. Defendants admit Statement 25.

26. Defendants admit Statement 26.

27. Defendants admit Statement 27.

28. Defendants admit Statement 28.

29. Defendants admit Statement 29.

30. Defendants admit Statement 30.

## SUBSTANTIAL SIMILARITY

31. Defendants admit Statement 31.

32. Defendants admit Statement 32 only insofar as Defendants admit *a)* access; and *b)* substantial similarity. Defendant has made no concession with respect to valid ownership and registration, originality, liability, or damages.

## COUNTERSTATEMENT OF ADDITIONAL MATERIAL FACTS CREATING ISSUES THAT MUST BE TRIED

1. PARIS-OWNERSHIP:  With respect to the validity of Plaintiff's claim of ownership of the Paris Patterns:

    a) Plaintiff relies on Declarations from witnesses not previously disclosed in Plaintiff's Rule 26(a)(1)(a)(i) Disclosures, Jolanda Kramm (HML Dec. para 7) and Oswin Fischbach (HML Dec. para 38) (See also HML Dec. Exhibit B).

    b) Plaintiff relies on unsworn Acknowledgements of Rights from Jolanda Kramm (HML Dec. para 9, HML Dec. Exhibit C); Joseph Dickenson (HML Dec. para 32; HML Dec. Exhibit H); and Oswin Fischbach (HML Dec. para 37; HML Dec. Exhibit I).

    c) Plaintiff relies on the original initialed sketch from Jolanda Kramm not produced by Plaintiff in discovery, purported, during discovery, to be missing (HML Dec. para 20 and 27).

    d) Plaintiff relies on an unwritten assignment with respect to which the claims of an oral transfer are contradictory and confusing (HML Dec. para 30 through 49).

    e) Evidence before the Court shows that the Paris Pattern 1717 was knitted before it was created, a factual impossibility, contrary to Plaintiff's claims (HML Dec. para 46 and 48).

2. METRITEK- OWNERSHIP:  With respect to the validity of Plaintiff's claim of ownership of the Metritek Patterns:

a) Through to the day before the filing of the Plaintiff's Motion, Plaintiff maintained that the Metritek Patterns were "works for hire"[1] (HML Dec. para 52 and 54)

b) Prior to the Motion and during the course of this action, Plaintiff and Metritek executed three (3) letter agreements affirming the "works for hire" claim, the first of which, dated October 22, 2007, makes no specific reference to a prior oral agreement while the latter two, sworn to on January 28, 2008, refer to an "oral agreement" incorporating both a "work for hire" claim and an assignment claim (see HML Dec. para 59 through 67; see also HML Dec. Exhibit K).

c) On March 6, 2008, the same date upon which Richard Samuels ("Samuels") was deposed, Samuels and Robert Jablin ("Jablin") executed a Master Agreement, abandoning the "work for hire" claim, and purporting to confirm an earlier oral agreement inconsistent with, inter alia, the agreements and business relationships described in the October 22, 2007 and January 28, 2008 letter agreements (see HML Dec. para 68 through 73, and 75 through 77).

d) Contrary to the Master Agreement, during the deposition of Samuels on March 6, 2008, the same date Samuels signed the Master Agreement, Samuels testified, *inter alia*:

> Q: Have you ever had a discussion with Mr. Jablin concerning the ownership of the copyright with respect to patterns knit by Metritek for Malibu?
>
> A: Anyone in particular or just in general?
>
> ***Q: Any conversation at all, a specific conversation about ownership of copyrights with Mr. Jablin?***
>
> ***A: No, I don't believe so, no.***
>
> Q: How about any other representative of Metritek?
>
> A: No, he would be the only one.

See HML Dec. Exhibit L, at 80-81.

e) During the February 19, 2008 deposition of Jablin, Jablin testified:

---

[1] Plaintiff, as with the Metritek Patterns, maintained, through to the day before the filing of Plaintiff's Motion, a "works for hire" claim with respect to the Paris Patterns (HML Dec. para 1, 3, and 6; and HML Dec. Exhibit A).

"*If* there was a conversation, it was years ago, ...." (italics supplied) (See HML Dec. Exhibit M at 59)

See also HML Dec. para 82 and 83.

3. <u>ORIGINALITY – PARIS & METRITEK:</u>

   a) According to Joseph Dickenson ("Dickenson"), "... the reality of it is that 99 percent of every lace pattern is a floral pattern" (HML Dec. para 47; HML Dec. Exhibit G at 67); according to Petra Farquhar ("Farquhar"), "... [Defendants] saw numerous sample floral lace patterns in the market place and was unaware of Plaintiff's alleged copyrights on Plaintiff's floral lace patterns when [Defendants] determined to purchase the floral laces from a source other than Plaintiff" (Affidavit of Farquhar, para 5).

   b) Plaintiff's patterns (Paris and Metritek) were each registered and re-registered multiple times with minor variations from registration to registration thereby demonstrating Dickenson's admission that "99 percent of every lace pattern is a floral pattern" " (HML Dec. para 47; HML Dec. Exhibit G at 67).

   c) Assuming the validity of the registrations, Plaintiff must, nonetheless, establish which elements, if any, are original (See Second Amended Complaint, in general, and Plaintiff's Rule 56.1 Statement, statements 1, 5, and 7).

Dated: May 7, 2008
       New York, New York

                                    LAZARUS & LAZARUS, P.C.
                                    *Attorneys for Defendants*

                              By:   _____
                                    HARLAN M. LAZARUS, ESQ. (HML-0268)
                                    240 Madison Avenue, 8th Floor
                                    New York, New York 10016
                                    (212) 889-7400

*TO*: **COWAN, DEBAETS, ABRAHAMS & SHEPPARD, LLP**
41 Madison Avenue, 34th Floor
New York, New York 10010
**Attention: MATTHEW KAPLAN & NANCY WOLFF**