UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALIBU TEXTILES, INC., | : |
| | : Docket No. 07-cv-4780 (SAS) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CAROL ANDERSON, INC. and | : |
| CABI, LLC, | : |
| | : |
| Defendants. | : |

## SUPPLEMENTAL DECLARATION OF MATTHEW A. KAPLAN

I, Matthew A. Kaplan, declare as follows:

1. I am an associate of the law firm Cowan, DeBaets, Abrahams & Sheppard LLP, counsel to Plaintiff Malibu Textiles, Inc. ("Malibu") in the above-captioned action. I make this declaration on the basis of my own knowledge, except where otherwise indicated. This declaration is in further support of Malibu's Motion for Partial Summary Judgment.

**A.   Kramm and Fischbach Had Been Disclosed to Defendants Through Discovery**

2. Initially, Plaintiff saw no need to disclose Yolanda Kramm and Oswin Fischbach in its Initial Disclosures. Plaintiff was relying upon its copyright registrations as *prima facie* evidence of its ownership of the Copyrighted Lace Designs and, as such, did not need to rely upon Kramm or Fischbach to establish its chain of title.

3. However, even after Defendants raised the chain of title issue, Plaintiff had no obligation to amend its disclosures because Defendants clearly had knowledge of Kramm and Fischbach through the discovery process. Attached hereto as Exhibit A are true and correct copies of relevant portions of documents establishing defendants' knowledge of Kramm and Fischbach.

4. Yolanda Kramm was first disclosed to Defendants in Malibu's initial document production, mailed to Defendants on October 31, 2007. In fact, the first two pages of the document production, P 00001 and P 00002, have Yolanda Kramm's name on them. *See* Ex. A.

5. Defendants' counsel actually referred to this document during the January 22, 2008 pre-motion conference before the Court, asserting that he was entitled to discovery "on the facts pertaining to both the creation of the pattern and this chain from Yolanda [Kramm] to Paris to Malibu." *See* Ex. A [12:19-21].

6. On January 25, 2008, Malibu supplemented its document production and produced the Acknowledgement of Rights documents executed by Ms. Kramm and Mr. Fischbach. *See* Ex. A (January 25, 2008 letter); Kramm Decl., Ex. A (Acknowledgement of Rights executed by Kramm, Bates No. P 00128); Fischbach Decl., Ex. A. (Acknowledgement of Rights executed by Fischbach, Bates No. P 00127).

7. Further, defendants counsel questioned Joseph Dickenson regarding both Kramm and Dickenson during his February 5, 2008 deposition. *See* Lazarus Decl., Ex. G [50:11-12; 134:18-21].

8. Finally, as explained below, Malibu produced additional documents obtained from Kramm on March 13, 2008.

9. Defendants were clearly aware of and cannot now assert that they were unaware of Kramm or Fischbach prior to Plaintiff's Motion for Summary Judgment.

10. Upon information and belief, Defendants never made any effort prior to Malibu filing its motion for summary judgment to seek discovery from either Kramm or Fischbach, despite having known about them for months.

B. **Plaintiffs Produced Documents Received From Kramm Prior to Moving For Summary Judgment.**

11. Likewise, contrary to Defendants' assertions, Plaintiff produced copies of documents received from Kramm, including sketches of the First Design, prior to making its motion.

12. On March 13, 2008, Plaintiff provided defendants with 19 pages of documents received from Ms. Kramm, bates numbered P 00135 through P 00157. Plaintiff's counsel sent defendants' counsel a link from which defendants could download the documents. *See* Ex. B (chain of e-mails from March 13 and 14, 2008 and relevant documents from that production P 00144 through P 00151).

13. Defendants' counsel responded to this e-mail on March 14, 2008 by requesting additional information about the documents. *See* Ex. B (March 13 and 14, 2008 e-mail chain)

14. Defendants' clearly received this document production because Mr. Lazarus attached copies of documents from that production to his own Declaration in Opposition to Malibu's motion. *See* Lazarus Decl., Exs. C and D.

15. Among the documents produced was an e-mail from Ms. Kramm that attached scanned copies of sketches and other drawings of the First Design that she had in her possession. *See* Ex. B (P 00144 through P 00151); Kramm Decl., ¶¶ 6, 7.

16. At best, plaintiff's counsel inadvertently used a non-Bates stamped copy of the sketches produced by Ms. Kramm as the attachments to Ms. Kramm's Declaration. However, the documents are the same. *Compare* Ex. B (Bates Nos. P 00148 through P 00149) with Kramm Decl., Ex. B, and Ex. B (Bates Nos. P 00145, P 00146 and P 00150) with Kramm Decl., Ex. C.

17. Therefore, Defendants plainly had those documents prior to Plaintiff's motion.

18. Moreover, Defendants' assertion that Plaintiff produced a document it claimed was missing is also meritless.

19. Malibu produced Kramm's Acknowledgement of Rights as it appeared in its files. Malibu did not have a copy of the sketch that was purportedly attached to that document, and does not assert now that it has found the attachment.

20. Plaintiff produced copies of sketches obtained both from Malibu's file and from Kramm, which she acknowledges in her Declaration are copies of the sketches she created for Malibu and which are identical to the First Design. *See* Kramm Decl., ¶¶ 5, 6.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of May, 2008.

_____
MATTHEW A. KAPLAN

{A062077.DOC\1}