UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALIBU TEXTILES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CAROL ANDERSON, INC. and CABI, LLC, <br><br> Defendants. | Docket No. 07-cv-4780 (SAS) |

**PLAINTIFF MALIBU TEXTILES, INC.S' RESPONSE TO DEFENDANTS' COUNTER STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO L.CIV.R. 56.1**

In further support of their motion for summary judgment on copyright liability against Defendants Carol Anderson, Inc. and CABI, LLC (collectively, "defendants" or "CABI"), plaintiff Malibu Textiles, Inc. ("Malibu") respectfully submits this Response to Defendants' Counter-Statement of Undisputed Material Facts pursuant to Local Rule 56.1.

1. **Paris-Ownership**

   a) Objection. This statement seeks a legal conclusion and does not constitute a material fact for which L. Civ. R. 56.1 is designed. Notwithstanding the foregoing objections and without waiving them, Plaintiff admits this statement to the extent that Plaintiff is relying upon the Declarations of Yolanda Kramm and Oswin Fischbach. *See* Declarations of Yolanda Kramm and Oswin Fischbach. Plaintiff denies that it had any obligation under the Federal Rules of Civil Procedure to supplement its disclosures. *See* Fed. R. Civ. P. 26(e).

   b) Plaintiff admits this statement to the extent that Plaintiff relies upon unsworn Acknowledgement of Rights documents executed by Yolanda Kramm (Kramm Decl., Ex. A), Oswin Fischbach (Fischbach Decl., Ex. A), and Joseph Dickenson (Kaplan Decl., Ex. A).

{A062069.DOC\1}

c) Objection. Plaintiff objects to this statement because it seeks to mischaracterize evidence in the record. Notwithstanding the foregoing objection and without waiving it, Plaintiff denies that sketches produced by Kramm to Plaintiff were not produced during discovery. Kaplan Supp. Decl., ¶¶ 12-16, Ex. B.

d) Objection. Plaintiff objects to this statement because it refers to an "unwritten assignment" while the alleged record citations (Lazarus Decl., ¶¶ 30-49) discuss numerous assignments. Plaintiff further objects to this statement as because it seeks to characterize certain claims as "contradictory and confusing", and as such, is not a "separate, short, and concise statement" of fact in contravention of L. Civ. R. 56.1. To the extent that a response is required, Plaintiff denies this statement.

e) Plaintiff denies this statement as it does not accurately reflect the plain language of the Acknowledgement of Rights executed by Yolanda Kramm. *See* Kramm Declaration, Ex. A.

2. **Metritek-Ownership**

a) Objection. Plaintiff objects to this statement because it is not a "separate, short, and concise statement" in contravention of L. Civ. R. 56.1 and because it mischaracterizes evidence in the record. Notwithstanding the foregoing objections and without waiving them, Plaintiff admits this statement to the extent that its initial copyright registrations state that Malibu obtained its rights in the works at issue as works for hire; however, Plaintiff denies this statement to the extent that it also has maintained that should the Metritek Patterns not be works for hire, that Malibu acquired rights in those designs by assignment. Second Amended Complaint, Exs. B, D, F, H and J; Lazarus Decl., Exs. K and M.

   b) Objection. Plaintiff objects to this statement because it is not a "separate, short, and concise statement" in contravention of L. Civ. R. 56.1. Notwithstanding the foregoing objection and without waiving it, Plaintiff denies this statement. Plaintiff otherwise refers to the agreements for the contents therein.

   c) Objection. Plaintiff objects to this statement because it is not a "separate, short, and concise statement" in contravention of L. Civ. R. 56.1. Notwithstanding the foregoing objection and without waiving it, Plaintiff admits that Malibu and Metritek executed a Master Agreement on March 6, 2008, the same date on which Mr. Samuels was deposed. Plaintiffs deny this statement to the extent that it seeks to characterize the terms of the agreement and does not constitute a statement of fact.

   d) Objection. Plaintiff objects to this statement because it is not a "separate, short, and concise statement" in contravention of L. Civ. R. 56.1. Plaintiff further objects to this statement to the extent that defendants have added emphasis to a portion of a witness' deposition testimony where there is no evidence that such emphasis was present when the deposition was taken. Notwithstanding the foregoing objections and without waiving them, Plaintiff admits this statement to the extent that it reflects Mr. Samuels deposition testimony. Plaintiff denies that this statement is "contrary to the Master Agreement."

   e) Objection. Plaintiff objects to this statement to the extent that defendants have added emphasis to a portion of a witness' deposition testimony where there is no evidence that such emphasis was present when the deposition was taken. Notwithstanding the foregoing objection and without waiving it, Plaintiff admits this statement to the extent that it reflects part of a statement made by Robert Jabelin during his deposition.

3. **Originality – Paris & Metritek**

    a)    Objection. Plaintiff objects to this statement because it is not a "separate, short, and concise statement" in contravention of L. Civ. R. 56.1. Notwithstanding the foregoing objection and without waiving it, Plaintiff admits that the first portion of this statement reflects part of a statement made by Joseph Dickenson in his deposition transcript. Lazarus Decl., Ex. G. Plaintiff further admits that the second portion of this statement reflects part of Ms. Farquhar's Declaration. Farquhar Decl., ¶ 5.

    b)    Objection. Plaintiff objects to this statement because it is not a "separate, short, and concise statement" in contravention of L. Civ. R. 56.1. Plaintiff admits that it has registered a number of its lace patterns (*see* Second Amended Complaint, Exs. B, D, F, H and J.). Plaintiff denies that it "re-registered" any of its patterns. Plaintiff further denies that this constitute admissible evidence that "99% of every lace pattern is a floral pattern."

    c)    Objection. Plaintiff objects to this statement because it is not a statement of fact in contravention of L. Civ. R. 56.1. Instead, this statement purports to seek an admission regarding the law. To the extent a response is required, Plaintiff denies this statement.

Dated: New York, New York
         May 21, 2008

                            Respectfully submitted,

                            COWAN, DeBAETS, ABRAHAMS &
                              SHEPPARD, LLP

                            41 Madison Avenue, 34th Floor
                            New York, New York 10010
                            (212) 974-7474

                            By: _____
                                 Nancy E. Wolff
                                 Matthew A. Kaplan
                            *Attorneys for Plaintiff Malibu Textiles, Inc.*