UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

MALIBU TEXTILES, INC.,                                    :
                                                          :
                                   Plaintiff,             :         Case No: 07CIV4780 (SAS)
                                                          :
              - against -                                 :         Judge Scheindlin
                                                          :
CAROL ANDERSON, INC., CABI, LLC, PINK                     :
VAN ENTERPRISES, LLC AND CAROL                            :
ANDERSON                                                  :
                                                          :
                                   Defendants.            
--------------------------------------------------------------------X

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, CAROL ANDERSON, INC., CABI, LLC, PINK VAN ENTERPRISES, LLC AND CAROL ANDERSON, TO PLAINTIFF'S THIRD AMENDED COMPLAINT

DEFENDANTS, Carol Anderson, Inc., CABI, LLC , Pink Van Enterprises, LLC

and Carol Anderson (collectively, the "Defendants"), by and through their undersigned

counsel, LAZARUS & LAZARUS, P.C., as and for their Answer and Affirmative

Defenses to the Third Amended Complaint (the "Complaint") of Plaintiff, Malibu

Textiles, Inc. ( the "Plaintiff"), respectfully set forth, represent and allege as follows:

1.       Defendants deny knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in the paragraph of the Complaint marked and

numbered 1, insofar as the same alleges the nature of Plaintiff's action, except refer to

the Complaint for the best evidence thereof, and further, and in any event, deny any act,

conduct or omission on Defendants' part giving rise to a claim, cause of action or

remedy to Plaintiff for, on account of, or related to the laws, rules and statutes referenced therein for the content thereof.

2.     Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 2, except admit that from time to time representatives of Plaintiff and Defendants have met in contemplation of or for the purpose of transacting business.

3.     Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 3, except refer to the letters referenced therein for the content thereof, except deny knowledge or information as to Plaintiff's knowledge.

4.     Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 4, except deny knowledge or information as to Plaintiff's knowledge.

5.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 5, except refers to the Complaint and the laws, rules and statutes referenced therein for the content thereof.

6.     Without admitting liability, or any contested fact or issue in connection therewith, Defendants admit the allegations of paragraph 6, except respectfully refer to the laws, rules and statutes referenced therein for the content thereof.

7.     Without admitting liability, or any contested fact or issue in connection

therewith, Defendants admit the allegations of paragraph 7, except respectfully refer to the laws, rules and statutes referenced therein for the content thereof.

8.     Without admitting liability, or any contested fact or issue in connection therewith, Defendants admit the allegations of paragraph 8, except respectfully refer to the laws, rules and statutes referenced therein for the content thereof.

9.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 9.

10.     Defendants admit the allegations of Paragraph 10 of the Complaint.

11.     Defendants admit the allegations of Paragraph 11 of the Complaint.

12.     Defendants admit the allegations of Paragraph 12 of the Complaint.

13.     Defendants deny the allegations of Paragraph 13 of the Complaint solely with respect to averment that Carol Anderson is the [sole] owner of any corporate Defendant.

14.     Without admitting liability, or any contested fact or issue in connection therewith, Defendants admit the allegations of paragraph 14, except respectfully reserve the right to amend, modify, or supplement this admission if, as and when the specific facts, circumstances and matters relevant herein require such amendment, modification, or supplementation so as to more fully and completely respond to the general nature of

the allegations pleaded.

15.     Without admitting liability, or any contested fact or issue in connection therewith, Defendants admit the allegations of paragraph 15, except respectfully reserve the right to amend, modify, or supplement this admission if, as and when the specific facts, circumstances and matters relevant herein require such amendment, modification, or supplementation so as to more fully and completely respond to the general nature of the allegations pleaded.

16.     Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 16.

17.     Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 17, except admit that Defendants transact business within this district and derive revenue from intrastate and interstate commerce, and except avers that Carol Anderson conducts no business in this District in her individual capacity.

18.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 18.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 19.

20.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 20, except refer to Exhibit A to the Complaint for the content thereof.

21.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 21 except refer to Exhibit B to the Complaint for the content thereof.

22.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 22.

23.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 23, except refer to Exhibit C to the Complaint for the content thereof.

24.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 24, except refer to Exhibit D to the Complaint for the content thereof.

25.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 25, except refer to Exhibit E to the Complaint for the content thereof.

26.    Defendants deny knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 26, except refer to Exhibit F to the Complaint for the content thereof.

27.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 27, except refer to Exhibit G to the Complaint for the content thereof.

28.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked  and numbered 28, except refer to Exhibit H to the Complaint for the content thereof.

29.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 29.

30.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 30.

31.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 31, except refer to Exhibit I to the Complaint for the content thereof.

32.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 32, except refer to Exhibit J to the Complaint for the content thereof.

33.    Defendants plead to each and every allegation set forth in the paragraph of the Complaint marked and numbered 33 by referring to the books, records, and documents evidencing the sales subject of said paragraph for the content and substance thereof.

34.    Defendants deny so much of the allegations set forth in the paragraph of the Complaint marked and numbered 34 as, directly or indirectly, allege an infringement of copyright or other wrongful conduct as to Plaintiff, except admit that from time to time representatives of Plaintiff and Defendants met, at which meetings samples were shown.

35.    Defendants deny so much of the allegations set forth in the paragraph of the Complaint marked and numbered 35 as, directly or indirectly, allege an infringement of copyright or other wrongful conduct as to Plaintiff, except admit that from time to time representatives of Plaintiff and Defendants met, at which meetings samples were shown.

36.    Defendants plead to each and every allegation set forth in the paragraph of the Complaint marked and numbered 36 by referring to the books, records, and documents evidencing the sales subject of said paragraph for the content and substance thereof.

37.    Defendants deny each and every allegation set forth in the paragraph of

the Complaint marked and numbered 37.

38.    Defendants admit the allegations set forth in the paragraph of the Complaint marked and numbered 38, except, in any event, deny any act, conduct or omission on Defendants' part giving rise to a claim, cause of action or remedy to Plaintiff.

39.    Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 39, except refer to Exhibit K to the Complaint for the content and substance thereof.

40.    Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 40.

41.    Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 41 insofar as the same alleges any, conduct or omission on the part of Defendants giving rise to a claim, cause of action or remedy to Plaintiff, and otherwise refer to website referenced therein for the content thereof.

42.    Defendants plead to each and every allegation set forth in the paragraph of the Complaint marked and numbered 42  by referring to letters referenced therein for the content thereof, except deny any act, conduct or omission on the part of Defendants giving rise to a claim, cause of action or liability to Plaintiff herein.

43.    Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 43.

-8-

44.     Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 44.

45.     Defendant's deny knowledge or information sufficient to form a belief as to so much of the allegations of paragraph 45 of the Complaint as alleges that which Plaintiff learned, and deny any act, conduct or omission on Defendants' part giving rise to a claim, cause of action or remedy to Plaintiff.

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint, except refer to the books, records and documents evidencing the purchase set forth therein for the content thereof.

47.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 47 insofar as the said paragraph alleges Plaintiff's knowledge,  except, in any event, deny any act, conduct or omission on Defendants' part giving rise to a claim, cause of action or remedy to Plaintiff, and refer to Exhibit O to the Complaint for the content thereof.

48.     Deny knowledge or information sufficient to form a belief as to Plaintiff's knowledge, except admit that Defendants (other than Carol Anderson who made no sales in her individual capacity)  sold a style known as Style 640, except, in any event,

deny any act, conduct or omission on Defendants' part giving rise to a claim, cause of action or remedy to Plaintiff.

49.    Admit that Defendants (other than Carol Anderson who made no purchases in her individual capacity) purchased Styles known as Style 640 and Style 714, and otherwise refers to the books and records of Defendants as pertains to the manufacture of said styles, except, in any event, deny any act, conduct or omission on Defendants' part giving rise to a claim, cause of action or remedy to Plaintiff.

50.    Admit that Defendants (other than Carol Anderson who made no sales in her individual capacity)  sold Styles known as Style 640 and Style 714, and otherwise refers to the books and records of Defendants as pertains to the manufacture of said styles, except, in any event, deny any act, conduct or omission on Defendants' part giving rise to a claim, cause of action or remedy to Plaintiff.

51.    Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 51.

52.    Plead to each and every allegation set forth in the paragraph of the Complaint marked and numbered 52 by referring to the books and records of Defendants, except avers that Carol Anderson has made no sales in her individual capacity.

53.    Admits the allegations of paragraph 53 of the Complaint, except, in any event, deny any act, conduct or omission on Defendants' part giving rise to a claim, cause of action or remedy to Plaintiff.

54.    Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 54 insofar as said allegations purport to set forth a claim, cause of action or remedy available to Plaintiff and otherwise refer to the books and records of Defendants as pertains to the sales alleged.

55.    Defendants admit so much of paragraph 55 of the Complaint as avers that Carol Anderson is an owner and head designer but deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 55 insofar as said allegations purport to set forth a claim, cause of action or remedy available to Plaintiff.

56.    Defendants admit so much of paragraph 56 of the Complaint as avers that Carol Anderson as an owner and head designer receives compensation and or other financial considerations but deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 56 insofar as said allegations purport to set forth a claim, cause of action or remedy available to Plaintiff.

57.    Defendants admit so much of paragraph 57 of the Complaint as avers that Carol Anderson as an owner and head designer has decision making authority  but deny each and every allegation set forth in the paragraph of the Complaint marked and

numbered 57 insofar as said allegations purport to set forth a claim, cause of action or remedy available to Plaintiff.

58.    Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 58.

59.    Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 59

60.    Defendants plead to each and every allegation set forth in the paragraph of the Complaint marked and numbered 59 by repeating, realleging, and incorporating by reference each prior and subsequent paragraph hereof, records, and documents evidencing the sales subject of said paragraph for the content and substance thereof.

61.    Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 61.

62.    Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 62 insofar as the same set sets forth a legal conclusion.

63.    Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 63

64.    Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 64..

65.    Defendants deny each and every allegation set forth in the paragraph of

the Complaint marked and numbered 65.

66.     Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 66.

67.     Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 67.

68.     Defendants deny each and every allegation set forth in the paragraph of the Complaint marked and numbered 68.

## FIRST AFFIRMATIVE DEFENSE

69.     The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

70.     The Copyrighted Works are insufficiently original to warrant protection under the Copyright laws of the United States.

## THIRD AFFIRMATIVE DEFENSE

71.     The Plaintiff's claims must fail because, upon information and belief, the Defendants' works of art were independently created.

## FOURTH AFFIRMATIVE DEFENSE

72.  The Plaintiff's claims must fail because Plaintiff's copyright registrations are invalid.

## FIFTH AFFIRMATIVE DEFENSE

72.    Plaintiff's claims must fail because Plaintiff is not properly the owner or author of one or more of the copyrights in question or the works of art subject thereof.

WHEREFORE, Defendants, Carol Anderson, Inc. and CABI, LLC respectfully demand judgment dismissing Plaintiff's Third Amended Complaint in its entirety, and for such other, further and different relief as this Court deems just, adequate and proper.

Respectfully submitted this 4th day of June, 2008.

LAZARUS & LAZARUS, P.C.
*Attorneys for Defendants*

By: _____

HARLAN M. LAZARUS, ESQ.(HML-0268)
240 Madison Avenue, 8th Floor
New York, New York 10016

*To:*    COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP.
41 Madison Avenue, 34th Floor
New York City, New York 10010
**Attention:  NANCY E. WOLFF, ESQ.
MATTHEW A. KAPLAN, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MALIBU TEXTILES, INC.                                        Index No: 07 CV 4780 (SAS)

                              Plaintiff,                     Judge Scheindlin

        -against-

CAROL ANDERSON, INC., and CABI, LLC,
PINK VAN ENTERPRISES, LLC AND
CAROL ANDERSON,

                              Defendants.
-------------------------------------------------------------X


# ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
# TO PLAINTIFF'S THIRD AMENDED COMPLAINT


LAZARUS & LAZARUS, P.C.
*Attorneys for Defendants*
240 Madison Avenue, 8th Floor
New York, New York 10016
Tel. (212) 889-7400