UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MALIBU TEXTILES, INC.,                                          Index No.:07 CV 4780 (SAS)

                            Plaintiff,                             Judge Scheindlin

-against-

CAROL ANDERSON, INC., CABI, LLC,
PINK VAN ENTERPRISES, LLC, and
CAROL ANDERSON,

                            Defendants.
----------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
## OF MOTION FOR RECONSIDERATION

Defendants, Carol Anderson, Inc., Cabi, LLC, Pink Van Enterprises, LLC and Carol Anderson (the "Defendants") respectfully submit this Memorandum of Law in support of Defendants' Motion for Reconsideration of the Court's Opinion and Order filed July 8, 2008 ("Opinion") and to deny Plaintiff, Malibu Textiles, Inc.'s (the "Plaintiff") Motion for Partial Summary Judgment on liability for copyright infringement (the "Motion").

### I. PRELIMINARY STATEMENT

On July 8, 2008, this Court granted Plaintiff's Motion on the issue of copyright liability and held that Plaintiff owns valid copyrights in the lace designs identified by

1

the Court as the "First Design", "Second Design" and "Third Design" (collectively "the Designs").

Respectfully, the Court overlooked material issues in granting the Motion, in particular as to the bona fides and timing of the assignments belatedly asserted by Plaintiff in support of Plaintiff's copyrights in the Designs.

As set forth, Plaintiff's Motion should have been denied.

## II. STANDARD OF REVIEW

As this Court observed in *Espinosa v. Delgado Travel Agency, Inc.*:

> "Motions for reconsideration are governed by Local Civil rule 6.3 and are committed to the sound discretion of the district court. 'The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Espinosa v. Delgado Travel Agency, Inc.*, 2007 WL1222858 (S.D.N.Y. 2007)(SAS).

It is respectfully submitted that the factual matters set forth in the following Argument were overlooked by the Court and may be reasonably expected to alter this Court's Opinion.

## III. ARGUMENT

The Court correctly, as pertains to this Motion, summarized Defendants' opposition at pp. 19-20 of the Opinion:

2

"Defendants premise their opposition on a few grounds: *first*, they argue that Malibu now relies on the 'fiction' that it acquired the copyrights to the Designs by assignment even though it had previously argued that their designation as 'works for hire' was accurate...*Second*, Defendants argue that even if Malibu obtained the copyrights via assignment, that assignment did not occur until April 16, 2008 - the date on which Malibu filed Form CAs to correct its registrations - which is after the alleged infringements.  According to Defendants, there is no evidence of a prior oral or written agreement transferring the copyrights to Malibu before the alleged infringements occurred..."[1]

However, the Court incorrectly found (at Opinion, p. 22) no genuine issue of material fact:

"...where the record shows *first*, that Malibu now owns the copyrights to the Designs; *second*, Malibu obtained those rights at the time it accepted the Designs; *third*, that the transfer of copyrights occurred via informal agreements between Malibu and its knitters; *fourth* that those informal agreements pre-dated Defendants' alleged infringement; *fifth*, that those informal agreements have since been reduced to writing; and *sixth*, of the parties that might conceivably have held the copyrights (instead of Malibu) at the time of infrngement, none dispute that Malibu was and is the owner of the copyrights."[2]

The Court's enumerated points are separately addressed.

Upon reconsideration, it is suggested that the "record", does not support the Court's grant of partial summary judgment:

1. **"Malibu *now* owns the copyrights to the Designs" (italics supplied).**

---

[1]Opinion at p. 19-20.

[2]Opinion at p. 22-23.

Plaintiff's *present* ownership of the copyrights in question is largely immaterial; as the Court observed at the Court's footnote 101, Opinion p. 25, the various Plaintiff/Metritek "agreements" are inconsistent as to *when*, Plaintiff acquired ownership. If Plaintiff acquired ownership of the Second Design and Third Design after October 22, 2007, Plaintiff, generally, acquired ownership after the infringements of the Second Design and Third Design.

The October 22, 2007 Letter Agreement[3] does not give Plaintiff the right to "sue" for prior infringements.

Genuine issues of fact exist as to when, in fact, via assignment, Meritek and Plaintiff acquired ownership of the Second Design and Third Design.

2. **"Malibu obtained those rights at the time it accepted the Designs".**

   See "1" above and "3" below.

3. **"The transfer of copyrights occurred via informal agreements between Malibu and its knitters".**

   With respect to the Second Design and Third Design, in addition to the

---

[3]Exhibit K to Declaration of Harlan M. Lazarus in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Declaration of HML").

4

inconsistencies noted at the Court's footnote 101, Opinion p. 25, Defendants presented to the Court the deposition testimony of Plaintiff's Richard Samuels ("Samuels"), who on the very day he executed the purported Master Agreement confirming a "prior oral [assignment] agreement" swore that he never had any copyright ownership conversations with Metritek.[4]

A genuine issue of material fact exist as to the bona fides of Plaintiff's "informal agreements" claim by reason of Samuels' testimony.

With respect to the First Design, there is no claim that the First Design was transferred to Plaintiff by a "knitter" [Paris Lace, Inc. ("Paris") or Linfalls Knitting Mills, Inc. ("Linfalls")]. Plaintiff's claim is that the First Design was transferred to Plaintiff by an artist, Yolanda Kramm ("Kramm").[5] Kramm was not identified in Plaintiff's Rule 26 (a) (1) disclosures[6] and has not testified under oath[7].

---

[4]Exhibit L to Declaration of HML.

[5]Form CA for U.S. Copyright Registration No. VA 923-088, executed by Nancy E. Wolff on April 16, 2008, (Exhibit C to Declaration of Matthew A. Kaplan) where item "4" of the Form CA sets forth, "Jolanda Kramm assigned all ownership rights, including copyright, to Copyright Claimant Malibu Textiles, Inc.".

[6]Exhibit B to Declaration of HML.

[7]The effect of this omission was argued by Defendants. See Defendants' Carol Anderson, Inc. & CAbi, LLC, Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment as to Liability for Copyright Infringement ("Defendants' Memorandum") at 17-18, but not addressed by the Court.

Kramm has inconsistently set forth a purchase of the "copyright" by Paris, for Plaintiff, and by Linfalls "client", whom Kramm later learned was Plaintiff. Kramm could not have informally or otherwise had an "agreement" with an entity of which she did not know. Oswin Fischbach ("Fischbach"), also not named in Plaintiff's Rule 26 (a)(1) disclosures[8], declared merely that it was "expected" that Kramm would assign the copyrights to Plaintiff.[9]

In addition, the Court failed to address Defendants' showing that contemporaneous business records indicate the First Design was knit before it was created.[10] This is factually impossible and raises a triable issue of fact.

The bona fides of Plaintiff's "informal agreements" claim is further cast into doubt by Plaintiff's repetitive, persistent, abandoned, and *inconsistent* "work for hire" claims.

An "innocent" mistake at the moment of registration is "pardoned" by applicable law; Plaintiff's "correction" of the "work for hire" mistake concurrent with Plaintiff's filing of Motion, upon inconsistent "assignment" documentation suggests the Court's

---

[8]Exhibit B to Declaration of HML.

[9]Defendants' Memorandum at 9, Defendants' Statement Pursuant to Local Rule 56.1 at para. 12.

[10]Defendants' Statement Pursuant to Local Rule 56.1 at para. 1(e) of Counterstatement of Additional Material Facts Creating Issues that Must Be Tried.

6

pardon may have come too quick, and at the expense of Defendants, against a backdrop of factual issues.

4. **"The informal agreements pre-dated Defendants alleged infringement".**

See "3", above regarding Samuels' testimony. Again, The October 22, 2007 Letter Agreement, noted at the Court's footnote 101, Opinion p. 25, provides for an assignment "as of the date of the agreement - *i.e.*, October 22, 2007" which is, generally, after the alleged Second Design and Third Design infringements.

5. **"Those informal agreements have since been reduced to writing".**

Plaintiff, post-infringement and post commencement of the underlying suit, has inconsistently "papered" Plaintiff's copyright title. The existence of an alleged Plaintiff/Metritek "informal agreement" is, directly, called into question by Samuels testimony. See "3" above.

In connection with the First Design, Plaintiff has produced various "declarations", but no "agreement". There is no transfer "agreement" from Paris or the defunct Linfalls to Plaintiff.

6. **"Of the parties that might conceivably have held the copyrights...none dispute**

**that Malibu was and is the owner of the copyrights".**

This statement is true, but, respectfully, the credibility of the non-challenging "parties" has not been tested by cross examination before the Court as to the time of the assignment.

The Court noted, at Opinion p. 25:

> "It is true that the Court may not make credibility determinations at the summary judgment stage. As a result, the Court cannot determine at this state, whether, for example, Malibu and Metritek are more credible now as they contend that the copyrights to the Second and Third Designs were transferred to Malibu when Malibu commissioned the Designs, or earlier this year when they advanced the postion that the Designs were "works for hire."[11]

The Court's acknowledgment of the inability to "determine at this state" the credibility of Plaintiff and Metritek ought to have required the Court to defer until trial a determination as to the effective date of the Metritek to Plaintiff Second Design and Third Design transfers, which, the Court noted at the Court's footnote 101, Opinion p. 25, were inconsistently set forth, and which in any event, are cast into doubt by Samuels' testimony.

The Court's finding of a "consistent thread" that the *interested* parties "uniformly agree" that Plaintiff owned the copyrights prior to Defendants' allegedly infringing activities states a self-evident truth: Plaintiff has supported the Motion with self-serving declarations.

---

[11] Opinion at p. 25.

The difficulty with the Court's "consistent thread" is that the "thread" stitches together a ragtag patchwork of inconsistent "agreements", testimony and declarations, the sum total of which, respectfully, ought have permitted Defendants to take Plaintiff's claims to trial, where the issues of fact created by Plaintiff's inconsistent claims and witnesses would be subject to cross-examination.

## CONCLUSION

WHEREFORE, it is respectfully requested that Defendants' Motion for Reconsideration be granted and that Plaintiff's Motion be denied.

Dated: July 17, 2008
     New York, New York

                          LAZARUS & LAZARUS, P.C.

                          By: _____
                            Harlan M. Lazarus (HML 0268)
                            Attorneys for Plaintiff
                            240 Madison Avenue
                            New York, New York 10016
                            (212) 889-7400