UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
MALIBU TEXTILES, INC.,

              Plaintiff,

   - against -

CAROL ANDERSON, INC., CABI,
LLC, PINK VAN ENTERPRISES,
LLC, and CAROL ANDERSON,

              Defendants.
------------------------------------------------------- X

ORDER

07 Civ. 4780 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      Defendants Carol Anderson, Inc., CABI, LLC, Pink Van Enterprises, LLC, and Carol Anderson move for reconsideration under Local Civil Rule 6.3 of the Court's Opinion and Order dated July 7, 2008 (the "July 7 Opinion"). The July 7 Opinion granted Malibu Textiles, Inc.'s motion for partial summary judgment on liability for copyright infringement.

      Motions for reconsideration are committed to the sound discretion of the district court.[1] "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to

---

[1] *See Patterson v. United States*, No. 04 Civ. 3170, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[2] Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."[3]

Local Civil Rule 6.3 is narrowly construed and strictly applied in order to avoid repetitive arguments already considered by the Court.[4] A motion for reconsideration is not a substitute for appeal.[5] Nor is it "a second bite at the apple for a party dissatisfied with a court's ruling."[6] Accordingly, the moving party may not "advance new facts, issues or arguments not previously presented to the Court."[7]

---

[2] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). See also *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (quotation marks and citation omitted).

[3] *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quotation marks and citation omitted).

[4] See *Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 400 (2d Cir. 2000).

[5] See *RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 207 F. Supp. 2d 292, 296 (S.D.N.Y. 2002).

[6] *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004).

[7] *Caribbean Trading and Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (quotation marks and citation omitted).

Here, defendants have failed to point to any controlling decision or material information overlooked by the Court.[8] Rather, defendants reiterate the same arguments made in opposition to the motion for summary judgment and merely disagree with the Court's disposition of that motion. Mere disagreement with the Court, however, is insufficient to vacate an earlier judgment. As a result, defendants' motion to reconsider the July 7 Opinion is denied. The Clerk of the Court is directed to close the motion [document no. 59].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          July 31, 2008

---

[8]    See Defendants' Memorandum of Law in Support of Motion for Reconsideration at 1-9.

- **Appearances** -

**For Plaintiff**:

Matthew A. Kaplan, Esq.
Nancy E. Wolff, Esq.
Cowan, DeBaets, Abraham & Sheppard LLP
41 Madison Ave., 34th Floor
New York, NY 10010
(212) 974-7474
Fax:  (212) 974-8474

**For Defendants**:

Harlan M. Lazarus, Esq.
Lazarus & Lazarus, P.C.
240 Madison Ave.
New York, NY 10016
(212) 889-7400
Fax:  (212) 684-0314